UNITED STATES DISTRICT COURT
DISTRICT COURT OF MARYLAND

STARSHA M. SEWELL, )
PLAINTIFF )  Civil Action: PJH-15cv3392
 )  PWG
V. )
FIDELITY NATIONAL FINANCIAL in care of )
Chicago Title Insurance Company, )
DEFENDANT )

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2015 NOV -5  PM 2:02
CLERK'S OFFICE
AT GREENBELT
BY_____DEPUTY

## COMPLAINT OF BREACH OF CONTRACT IN VIOLATION OF 42 U.S. Code § 1981 (a) and (b), ON THE BASIS OF RACE AND GENDER

Jurisdiction in this case is based in Federal Question, upon federal statue 42 U.S. Code § 1981 (a) and (b), which holds the following:

**(a) Statement of equal rights** All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

**(b) "Make and enforce contracts" defined**
For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

## STATEMENT OF THE FACT OF THIS CASE

Comes Now, Starsha Sewell, Pro Se with her complaint of breach of contract pursuant to 42 USC 1981 (a) **Statement of equal rights** and (b) **Make and enforce contracts**, and seeks redress from this honorable court on the basis that Fidelity National Financial, Claims Office for Chicago Title Company breached its contractual obligation upon failing to protect the Plaintiff from the identity theft and Misappropriation of Shannon Menapace, who utilized the Plaintiff's personal information in connection with an illegal flip and resale of the Plaintiff's property.

It is the Plaintiff's contention that Fidelity National Financial breached its fiduciary duties to the Plaintiff, upon failing to detect and to prevent title chain deficiencies in the title chain of her property, which were created by systemic fraud on the court at the hands of State trustees, who were employed by the Plaintiff's loan servicer. Fidelity National Financial breached its identity theft protection agreement via- Experian, and

concealed identity theft of the State Trustee, Shanon Menapace in efforts to conceal title claim liability in violation of 42 USC 1981 (b); and went further to assist Shannon Menapace with concealing fraud on the illegal flip and resale of the property, upon engaging in deceptive captive reinsurance practices, because their arrangement with Shannon afforded this company the opportunity to retain the title insurance business during the illegal resale.

The mere fact that the insurance company retained business on the resale, provides direct evidence of Fidelity National Financials Breach of the fiduciary duty to the Plaintiff, and also provides direct evidence that the company forsook their responsibility to track and detect title chain deficiencies. This organizations turning of willful blind eye to title chain deficiencies provides direct evidence that they are engaging in deceptive captive reinsurance practices; and are blatantly breaching their contractual obligations listed in the covered risks section of the Plaintiff's Owners Coverage Policy. The covered risks outlined in **Exhibit A** are as follows:

The Owner's Coverage on the policy states [sic] "This Policy insures you against actual loss, including any costs, attorney's fees and expenses' provided under this policy, resulting from the Covered Risks set forth below, if the Land is an improved residential lot on which there is located one to four family residence and each insured named in schedule A is a Natural Person.

Your insurance is effective on the Policy Date. This Policy covers your actual loss from any risk covered from any risks described under Covered Risks if the event creating the risk exists on the Policy Date to the extent expressly stated, after the policy date.

1. Someone else owns an interest in Your Title.
2. Someone else has rights affecting Your Title arising out of lease, contracts, or options.
3. Someone else claims to have rights affecting your title arising out of forgery or impersonation.
4. Someone else has an easement in your land.
5. Someone else has a right to limit your use of land
6. Your Title is defective.
7. **Any of Covered Risks 1 through 6, occurring after the policy date.**

**Exhibit B** provides direct evidence of internal policies that Fidelity National Financial implemented in efforts to burden shift their title chain deficiency burdens on the courts, and on their claimants. Rather, than

taking accountability, this company has instead opted to embrace an organizational culture of concealing the fraud of trustees who filed flawed paperwork on the courts. Exhibit B shows that Fidelity National Financial has discovered that it is more profitable to conceal fraud than it is to pay claims through its internal process. Exhibit B, shows that they have adopted a "forward looking" approach to reviewing claims; that has resulted breach of contract under covered risks number seven, which requires this organization to track and protect true policy holders from title defects occurring after the policy date (See **Exhibit A, Number 7**).

**Exhibit C** is a correspondence documenting Fidelity National Financials Breach of contract; as Douglas Booher, Senior Vice President and Chief Claims Counsel discriminated against the Plaintiff on the basis of her race and gender, upon denying her claim in violation of 42 USC 1981 (b) and in violation of the covered risks section number seven on exhibit A, which states:

"Your insurance is effective on the Policy Date. This Policy covers your actual loss from any risk covered from any risks described under Covered Risks if the event creating the risk exists on the Policy Date to the extent expressly stated, after the policy date.

Additionally, the number seven under the covered risks covers items 1-7 post policy date, and all items are applicable to this breach of contract claim, because Fidelity National Financial permitted these damages in order to conceal the fraud of state trustee's that partner with them to conceal fraud. Douglas Booher admitted to breach of contract in exhibit C, page 4 upon stating "The fact that Fidelity National Title is the underwriter on Ms. Nicholson's owner's policy is not relevant to the analysis of Ms. Sewell's claim, because again any matter that first occurs after the Date of Policy would be excluded from coverage under the policy (Ms. Sewell's Policy)

Ironically, State tax records from July 1, 2008 to June 30, 2010 lists Nicole Nicholson as the owner of 7020 Independence Street during the time frame that Fidelity National Financial issued a the Plaintiff's Owners policy of title insurance; however, it is clear that Fidelity National Financial permitted a third party to have an interest in the Plaintiff's title during this time frame, systematically and has not yet defended or protected the identity of the plaintiff from theft as their agreement with Experian guaranteed. Furthermore, Exhibit E shows that Fidelity National Financial, via CTIC also breached its obligation, upon failing to defend the use of the Plaintiffs personal identity; as she was impersonated as the seller of her property by the Community Development Administration in violation of the Personal Information Protection Act (PIPA), Md Code Ann. Comm. Law 14-3504.

**Exhibit E**, provides direct evidence that the Plaintiff was impersonated as the seller of her property. **Exhibit F** documents the individual that impersonated the plaintiff, and it remains the Plaintiff's contention that the Defendant, has failed to hold the impersonator accountable; because of their clients race and gender.

Fidelity National Financial has violated 2.C.F.

**Exhibit B**, shows this honorable court that Fidelity National Financial, ICO, Chicago Title Company claims engaged in deceptive captive reinsurance practices upon insuring the Lender, and the Plaintiff; during a subsequent illegal flip that transpired a chain reaction of fraud, forgery, and identity theft.

### Statement of Claim in violation of the Fair Housing Act Title VIII of the Civil Rights Act of 1968 (Disparate Impact/False Availability) Title Chain Deficiencies, Misappropriation and Identity Theft

The Plaintiff's complaint of identity theft was properly filed with Jeff Kelberg, Identity theft Attorney General of Maryland; Prince George's County Police Officer Vollono, Badge ID #3675, case number 14-106-2111. Prince George's County Police Detective Giannino conveyed via e-mail that she would assign a Detective in the property division to my case. However, I have not received a response from anyone regarding my property claim to date. Detective Giannino and Detective Walker did manage to have the Plaintiff arrested in March of 2014 as an act of retaliation, because I filed a complaint against Detective Walker-Rio in a separate action.

Count 1- Fidelity National Financial breached its contractual obligation to the Plaintiff, because she is an African American Female in violation of 42 USC 1981 (a, b, and c).

Count 2- Fidelity National Financial denied the Plaintiff's title claim with the sole intention to conceal the fraud of Shannon Menapace, because they acquired a new customer from the subsequent and fraudulent transaction in violation of the Fair Housing Act and 42 USC 1981 (a, b, & c).

Count 3- Fidelity National Financial denied the Plaintiff's claim because she is an African American woman and sole owner of the property, due to the unresolved title chain deficiencies on the property title. Douglas Booher, et al. violated its Fidelity National Financials code of ethics, which requires the issuance of payments to the proper claimant. It is the Plaintiff's good faith belief that the attorney's in the claims department refused to issue payment to the Plaintiff, because of her race and gender. This issue was raised to the board and the claims panel, and via- email prior to the filing of this claim of breach of contract; because, the language in the Plaintiff's contract is clear and concise, and the withholding of the policy payment is only being done to be malice and discriminative towards the plaintiff.

**Relief Sought**

The Plaintiff seeks the court reward of: Monetary Damages in the amount of $299,000 And is seeking an Injunctive order Awarding: Punitive Damages in the Amount of $299,000 times 3 (for the number of years that the Plaintiff has been fighting this claim) for a Total Monetary Judgment in the amount: **$1,199,600**.

_10/15/15_ Date

Respectfully Requested,

Starsha M. Sewell, M. Ed.
P.O. Box 7073
Capitol Heights, MD 20791
Smsewell2002@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of November 2015, a copy of the foregoing Motion was provided to:

William P. Foley, II
Fidelity National Financial
Corporate Headquarters
601 Riverside Avenue
Jacksonville, FL 32204