# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| STARSHA SEWELL, | * | |
|     Plaintiff, | | |
| v. | * | CIVIL ACTION NO. PWG-15-3392 |
| FIDELITY NATIONAL FINANCIAL, | * | |
|     Defendant. | | |
| | ***** | |

## MEMORANDUM OPINION

The above-entitled case was filed on November 5, 2015, together with a motion to proceed in forma pauperis, ECF No. 2, which shall be granted.

Plaintiff Starsha M. Sewell is self-represented and seeks over one million dollars in damages against Defendant, the title company that issued title insurance on property Sewell purchased in 2008. *See* Compl. 5, ECF No. 1. She claims that Defendant breached its contractual obligation owed to her under the title insurance policy when title to her property was transferred to a trustee upon foreclosure of the property and was subsequently sold.[1] *Id.* at 1–2. She further claims that, when she made a claim under the policy for reimbursement, it was denied for discriminatory reasons. *Id.* at 3. Sewell asserts that the sale of the property was perpetrated by someone impersonating her and that Defendant has failed to hold the impersonator accountable because of Sewell's race and gender. *Id.* at 4. The claims asserted are frivolous, and the complaint must be dismissed.

Under 28 U.S.C. § 1915(d) and its inherent authority, this court is authorized to dismiss a frivolous or malicious action. *See, e.g., Mallard v. United States Dist. Court for S. Dist. of Iowa*,

---

[1] Sewell attempted to remove a state court action regarding this claim previously. *See Sewell v. Fidelity National Financial*, No. PWG-15-3077 (D. Md. filed Oct. 9, 2015). That case was not properly removed to this court and consequently it was dismissed.

490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have the power to do so even in the absence of this statutory provision."); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000). Additionally, this court lacks subject matter jurisdiction over a frivolous claim making dismissal prior to service permissible. *See Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181–83 (7th Cir. 1989); *Franklin v. Oregon State Welfare Div.*, 662 F.2d 1337, 1342–43 (9th Cir. 1981).

The claimed breach of contract occurred on or about March 16, 2011, the date the Substitute Trustee's Deed was issued transferring the property to substitute trustee, Shannon Menapeace. Letter from Def. 2, Compl., Ex. 4, ECF No. 1-4. The statute of limitations for a cause of action based on breach of contract is three years. *See* Md. Code Ann. Cts. & Jud. Proc. § 5-101 (West 2015). The date a cause of action for breach of contract accrues is the date of the alleged breach. *See Boyd v. Bowen*, 806 A.2d 314, 333 (Md. Ct. Spec. App. 2002). The instant complaint was been filed more than three years after the alleged breach of contract and is therefore untimely.

To the extent Sewell asserts claims based on federal statutes prohibiting discriminatory practices, she has failed to allege facts sufficient to support that claim. As explained to Sewell in correspondence from Defendant, Letter from Def. 3, a title insurance policy does not operate in the fashion she believes it does. Rather, title insurance simply insures the purchaser of real property that there are no senior claims to the title at the time of purchase. It is not an insurance policy guaranteeing that the title to the property will forever remain with the purchaser regardless of after-occurring legal claims asserted to collect debts secured by the property. The fact that

2

Sewell is female and African-American does not transform the denial of her baseless claim into a discriminatory practice.

A separate Order follows.

Dated: November 19, 2015                                         /S/
                                                              Paul W. Grimm
                                                              United States District Judge