**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **STARSHA SEWELL,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil Action Nos. PWG-15-3077** |
| | | **PWG-15-3392** |
| **FIDELITY NATIONAL FINANCIAL in care** | * | |
| **of Chicago Title Insurance Company,** | | |
| **Milestone Title, LLC** | * | |
| **CHICAGO TITLE INSURANCE COMPANY** | | |
| **MILESTONE TITLE, LLC,** | * | |
| **Defendants.** | * | |
| | *** | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Starsha Sewell lost her property in a foreclosure action and subsequently filed Civil Action No. PWG-15-3077, along with a related action against the same defendants, Civil Action No. PWG-15-3392, apparently believing that the loss resulted from racially discriminatory intent not to enforce her title insurance policy.  In PWG-15-3077, she purports to remove a case she initiated before the Maryland Insurance Administration ("MIA"), which was heard before the Maryland Office of Administrative Hearings.  In PWG-15-3392, Sewell brought a breach of contract claim and 42 U.S.C. § 1981 claim relating to Defendant Fidelity National Financial's ("Fidelity") denial of her claim under a title insurance policy that Sewell alleges was due to her race (African American) and gender (female).  Plaintiff proceeds *pro se* and *in forma pauperis*, such that I was obligated to review the sufficiency of Plaintiff's claims before the Court served Defendants.  *See* 28 U.S.C. § 1915(e).  I dismissed PWG-15-3077 as improperly removed, and I dismissed PWG-15-3392 on various grounds, including that Plaintiff could not state a 42 U.S.C. § 1981 claim based on her property loss.  Sewell filed motions for reconsideration of both dismissals, and I denied both motions.  Now she again has filed motions

for reconsideration in both cases.  Because she has not shown grounds for reconsideration, I will deny these motions.  Having once again denied Sewell's motions for reconsideration, she is advised of her right to file an appeal with the Fourth Circuit Court of Appeals if dissatisfied with this memorandum and order.

## I.     PWG-15-3077

### Procedural History

On October 9, 2015, Sewell filed a "Notice of Removal & Complaint of Breach of Contract 42 USC 1981 on the Basis of Race and Gender," in which she stated that she "remove[d] this action from the State's Office of Administrative hearings" ("OAH") pursuant to 28 U.S.C. § 1443.  Pl.'s Notice of Removal & Compl. 3, ECF No. 1.  She provided an OAH case number, as well as a MIA case number.  *Id.* at 1.  She asserts that she filed a "complaint of Identity theft . . . with Jeff Kelberg, Identity Theft Attorney General of Maryland."  *Id.* at 5.  She attached various documents, but most significant is what she did not attach: the complaint she filed with the MIA, or a copy of all process, pleadings, and orders relating to the state action. *See* ECF No. 1-2.

On October 23, 2015, I dismissed Sewell's "Notice of Removal" on two bases.  ECF No. 4.  First, Sewell claimed that she initiated the state proceedings, but the statutes providing for removal of state actions to federal court only allow "the defendant," not the plaintiff, to remove the action.  *See* Oct. 23, 2015 Order, ECF No. 4 (citing 28 U.S.C. § 1446(a) (providing that "[a] *defendant* or *defendants* desiring to remove any civil action from a State court shall file in the district court of the United States . . . a notice of removal . . . , together with a copy of all process, pleadings, and orders served upon *such defendant* or *defendants* in such action" (emphasis added)); *see also* 28 U.S.C. § 1443 (providing that "*the defendant*" may remove

certain "civil actions or criminal prosecutions, commenced in a State court" that implicate the defendant's civil rights (emphasis added)).  Second, § 1446(a) outlines a required procedure for removal, which Sewell did not follow, as she failed to file the documents from the state court proceedings in this Court.  *See* Oct. 23, 2015 Order (citing 28 U.S.C. § 1446(a) (providing that removing defendant shall file in federal court ". a notice of removal . . . , together with *a copy of all process, pleadings, and orders served upon such defendant* or defendants in such action" (emphasis added))).

Sewell then filed a Motion for Relief from Judgment, insisting that "this action is a Civil Rights action that was removed under statute 28 U.S.C. 1443, and the exception under this action permits removals whenever civil rights are denied and cannot be enforced in state courts due to racial discrimination disparities and in matters involving fraud."  Mot. for Relief 1, ECF No. 5. She contended that she "remove[d] this action from the State Administrative Law Agency," but it was "impossible for the Plaintiff to file the administrative record; as she does not have government files in her possession."  *Id.* at 1–2.  I denied her motion on January 5, 2016, noting the grounds for dismissal and the standard of review for a motion for reconsideration, and reasoning that Sewell did "not provide any additional information that resuscitates the claim asserted" or "evidence that this Court's analysis was improper or legally deficient."  Jan. 5, 2016 Order 2, ECF No. 11.

## <u>Motion for Reconsideration (ECF No. 12)</u>

Sewell once again requests reconsideration of the dismissal of her case, this time in a Motion for Reconsideration that asks the Court to reconsider its denial of her Motion for Relief from Judgment pursuant to Rule 59(e) and to reconsider "all Judgments in this action" pursuant to Rule 60(b) (1), (2), and (6).  ECF No. 12.  Defendants oppose the pending motion "for the

reasons given in Fidelity's Brief Opposing Plaintiff's Rule 60 Motion," ECF No. 13.  Although

Sewell's motion comes less than twenty-eight days after the order denying her Motion for Relief

from Judgment, it is more than twenty-eight days after the dismissal order, and therefore I will

address it pursuant to Rule 60(b).  *See* Fed. R. Civ. P. 60 ("A motion under Rule 60(b) must be

made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the

entry of the judgment or order . . . .");  Fed. R. Civ. P. 59(e) ("A motion to alter or amend *a*

*judgment* must be filed no later than 28 days after the entry of the judgment.");  *MLC Auto., LLC*

*v. Town of So. Pines,* 532 F.3d 269, 277–78 (4th Cir. 2008) (holding that whether to address

motions for reconsideration under Rule 59(e) or 60(b) depends on timing of motion).  Rule 60(b)

provides:

> On motion and just terms, the court may relieve a party or its legal representative
> from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have
> been discovered in time to move for a new trial under Rule 59(b); [or]
>
> . . .
>
> (6) any other reason that justifies relief.

Plaintiff persists in her argument that it was error to dismiss this case on the basis that

"Plaintiff filed a []Notice of Removal, that was *unaccompanied by a complaint*," because

"Plaintiff's Notice of Removal *was* accompanied with her complaint."  Pl.'s Mot. for Recons. 1.

She voices her concern that "the Court did not read the Plaintiff's complaint prior to dismissing

it," because "[t]he Judge . . . assert[ed] that the Plaintiff did not file it."  *Id.* at 1, 2.

It is true that Sewell filed a "Notice of Removal & *Complaint* of Breach of Contract 42

USC 1981 on the Basis of Race and Gender."  Notice of Removal & Compl. 1 (emphasis added).

What Sewell did not file, even though she labeled her pleading as a "Notice of Removal" and

referred to the administrative proceedings, were the administrative complaint and any other administrative filing that she served on the defendants in the administrative proceeding from which she removed the case to this Court. As explained twice before, in both the order dismissing this case and the order denying her Motion for Relief from Judgment, the removed case cannot proceed in this Court without those administrative filings. *See* 28 U.S.C. § 1446(a). And, as also explained repeatedly, even if Sewell filed the administrative pleadings, she, as the plaintiff in the administrative proceeding, could not remove the case to this Court because only defendants can remove state court proceedings to federal court.[1]  Thus, to the extent that Sewell

---

[1]      Indeed, it is not clear that an administrative proceeding before the MIA or OAH qualifies as a "state court" action for removal purposes under § 1443, which provides for removal of actions "commenced in a State *court*." 28 U.S.C. § 1443 (emphasis added). The Supreme Court held, albeit in the context of removal by criminal defendant:

> It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state *administrative* officials in advance of trial . . . . Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 827–28 (1966) (emphasis added). And, considering removal under 28 U.S.C. § 1441(a), which similar to § 1443 provides for removal of "any civil action brought in a State *court*," this Court held that neither the MIA nor the OAH was "a 'court' under § 1441(a)" for purposes of removal. *Gottlieb v. Lincoln National Life Insurance Co.*, 388 F. Supp. 2d 574, 579–82 (D. Md. 2005). Similarly, in *Rockville Harley–Davidson v. Harley–Davison Motor Co.*, this Court held that the Maryland Motor Vehicle Administration was not a state court from which proceedings could be removed under § 1441(a). 217 F. Supp. 2d 673, 676–80 (D. Md. 2002). In *Maryland Commissioner of Financial Regulation v. Western Sky Financial, LLC*, this Court concluded that an administrative proceeding brought before the Maryland Office of the Commissioner of Financial Regulation, an executive agency, could not be removed to this Court under § 1441(a), because the state agency "does not function as a court," such that "this case was not 'brought in a state court' and must be remanded." No. WDQ-11-0735, 2011 WL 4894075, at *4 (D. Md. Oct. 12, 2011) (quoting § 1441(a)). *But cf. Wilson v. Gottlieb*, 821 F. Supp. 2d 778, 791 (D. Md. 2011) ("[A]lthough the [Maryland Health Claims Alternative Dispute Resolution Office] is obviously not a court, it has the minimum of court-like

sought to remove to this Court an action she initiated before the MIA without filing the administrative complaint, it was not error to dismiss this action, and Sewell has not demonstrated otherwise.  *See* Fed. R. Civ. P. 60(b).

To the extent Sewell appears to argue that she has filed suit against Defendant in this Court under 42 U.S.C. § 1981, for racial discrimination in the enforcement of a contract, I note that she did so in PWG-15-3392.  Indeed, she appears to conflate the two cases.  *See* Pl.'s Mot. for Recons. 2 (quoting discussion of title insurance policies from dismissal order in PWG-15-3392); *id.* at 3 (stating that case was dismissed as "Frivolous," which was the case in PWG-15-3392); *id.* at 4 (discussing the Court's "failure to serve process of the complaint on the Defendant," which was the case in PWG-15-3392, in which I dismissed the case prior to service; referring to "a similar action see[] PWG-15-3077," as if this filing were in PWG-15-3392; and stating that "Judge Grimm erred in this action, perhaps he will grant the proper relief for the same under PWG-15-3077"); *id.* at 5 (referring to the statute of limitations, which was a basis for dismissal in PWG-15-3392 but not this case).   Were Sewell to argue that PWG-15-3077 is not a removal action, despite the title of her pleading and explanations in her filings, and instead presents the same claims as PWG-15-3392, it would be subject to dismissal for the same reasons stated with regard to PWG-15-3392.

## Motion for Default Judgment (ECF No. 12)

Plaintiff's motion also incorporates a "Motion for Default Judgment for Opposing Counsel's failure to Respond timely, on the Plaintiff's Good faith belief that it failed to do so because of the Defendant's First Hand Knowledge That It Breached Contract."  Pl.'s Mot. for

---

functions that suffice to render an agency a 'State court' for purposes of the federal officer removal statute [28 U.S.C. § 1442(a)(1)]. . . .").

Recons. 1. The Court has discretion to enter a default judgment under Fed. R. Civ. P. 55(b)(2) when the "adversary process has been halted because of an essentially unresponsive party." *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). Here, the adversary process already concluded, when I dismissed this case on October 23, 2015. And, in any event, Defendants have not been unresponsive, even if their filings have been late. *See* ECF Nos. 7 (Opposition to Motion for Relief from Judgment) & 13 (Opposition to Motion for Reconsideration). Therefore, Sewell's default judgment motion is denied. *See* Fed. R. Civ. P. 55(b)(2); *Lawbaugh*, 359 F. Supp. 2d at 421.[2]

## Motion for a ruling and motion to strike (ECF No. 14)

On February 8, 2016, Sewell filed another motion seeking a ruling on her January 8, 2016, motion for reconsideration and asking me to strike Defendants' opposition, ECF No. 13. *See* Pl.'s Mot. for Ruling, ECF No. 14. Sewell repeats many of her arguments made in her prior motions. *Id.* at 1. She also alleges for the first time that Defendants are running a Ponzi scheme. *See id.* at 4. Because I have now ruled on Sewell's January 8, 2016, motion, I will deny her

---

[2]      Plaintiff also includes various allegations of judicial misconduct, *see* Pl.'s Mot. for Recons. 2–4, 7. She does not request any action with regard to these allegations. I note that this is not the first time Sewell has complained to this Court of the purported misconduct and bias of members of the judiciary and the government. *See, e.g.*, Sewell's Motion to Dismiss Defendant['s] Motion to Extend Discovery and Dispositive Motions Deadlines along with Plaintiff['s] Motion to Compel Discovery 2, ECF No. 9 in *Sewell v. WMATA*, TDC-13-2961 (referring to "ongoing acts of fraud and racial discrimination in the Judiciary"; alleging violations of federal statutes by "[t]he State and Bad actors in the Federal Court"; Plaintiff voluntarily dismissed case); ECF No. 15 in *Sewell v. WMATA*, TDC-13-2961 (motion for recusal of Judge J.F. Motz; denied in ECF No. 19); Compl. 1–2, ECF No. 1 in *Sewell v. WMATA*, TDC-15-1334 (claiming that Equal Employment Opportunity Commission was "obstructing Justice" and discriminating in violation of federal law; lodging specific allegations against a district director, an assistant director, and others; case dismissed and appeal dismissed); ECF No. 23 in *Sewell v. Strayer University*, DKC-12-2927 (motion for recusal of Judge Chasanow; denied in ECF No. 26); Mot. for Relief of Jmt. 1–2, ECF No. 40 in *Sewell v. Strayer University*, DKC-12-2927 (allegations of "conspiracy among members of the federal government").

motion for a ruling as moot.  Defendants filed their opposition on January 26, 2016, eighteen days after Sewell filed her January 8, 2016, motion for reconsideration.  Defendants' opposition was due seventeen days after Sewell filed her motion.  *See* Loc. R. 105.2(a); Fed. R. Civ. P. 6(d) & 5(b)(2)(C).  Because Defendants' opposition was filed only a day late, I will deny Sewell's motion to strike.

## II.     PWG-15-3392

### Procedural History

On November 5, 2015, Sewell filed her complaint in this Court raising a breach of contract claim and 42 U.S.C. § 1981 claim alleging that Fidelity failed to reimburse her under a title insurance policy because she is an African American woman.  *See* Compl. 4, ECF No. 1. Among the documents that Sewell attached were her insurance policy issued by Chicago Title Insurance Company ("Chicago Title"), Insurance Policy, Compl., Ex. A., ECF No. 1-2, and a letter from Chicago Title to the MIA setting forth the basis for Chicago Title's denial of her insurance claims, Chicago Title Letter 1–2, Compl., Ex. C., ECF No. 1-4.

Because Sewell was proceeding *pro se* and *in forma pauperis*, I was obligated to review the sufficiency of her claims under 28 U.S.C. § 1915(e).  On November 19, 2015, I dismissed her claim for breach of contract because her claim was barred under Maryland's three-year statute of limitations for breach of contract claims.  *See* Mem. Op. 2, ECF No. 4.  I dismissed her 42 U.S.C. § 1981 claims because they were based on a misunderstanding of the nature of the insurance that Sewell purchased as detailed in Chicago Title's letter to the MIA.  *See id.* 2–3; Chicago Title Letter.

On November 23, 2015, Sewell filed a motion (i) for relief of judgment pursuant to Fed. R. Civ. P. 60(b)(1); (ii) to rescind my November 19, 2015, Memorandum and Order for lack of jurisdiction, and (iii) declaratory relief on the merits under 28 U.S.C. § 2201.  *See* Pl.'s November 23, 2015, Mot., ECF No. 6.  In addition to restating her initial claim, Sewell stated that I violated Judicial Canons 1, 2, and 3 because I "assumed the role of the Defendant" in dismissing her case.  *See id.* 2.  Fidelity filed an opposition to Sewell's motion.  ECF No. 7.  On January 4, 2016, I issued an order denying Sewell's motion, analyzing Sewell's claims under both Fed. R. Civ. P. 59 and 60.  January 4, 2016, Order, ECF No. 10.  I explained to Sewell again that the nature of her insurance policy did not support her insurance claim, *id.* at 1, and found that she had failed to provide "evidence that this Court's analysis was improper or legally deficient," *id.* at 3.  For these reasons, I denied her motion for reconsideration.  *Id.*

### Motion for Reconsideration (ECF No. 11)

On January 8, 2016, Sewell filed another motion for reconsideration and additionally sought default judgment against Fidelity for failure to respond timely.  *See* Pl.'s January 8, 2016, Mot., ECF No. 11.  Sewell's 60(b) motion is opposed by counsel for Fidelity, ECF No. 12, which incorporates the arguments it made in its previous opposition filed on December 17, 2015, *see* ECF No. 7.

Sewell seeks reconsideration under Fed. R. Civ. R. 59 and 60.  *See* Pl.'s January 8, 2016, Mot. 1.  As discussed previously with respect to PWG-15-3077, Sewell's motion comes less than twenty-eight days after my January 5, 2016, order denying her motion for relief of judgment and more than twenty-eight days after my November 19, 2015, dismissal order.  Therefore I will address it pursuant to Rule 60(b).

The underlying complaint in this case was dismissed as frivolous.  This Court observed that:

> The claimed breach of contract occurred on or about March 16, 2011, the date the Substitute Trustee's Deed was issued transferring the property to substitute trustee, Shannon Menapeace.  ECF 1-4 at p. 2.  The statute of limitations for a cause of action based on breach of contract is three years.  *See* Md. Cts & Jud. Proc. Code Ann. § 5-101.   The date a cause of action for breach of contract accrues is the date of the alleged breach.  *See Boyd v. Bowen*, 806 A.2d 314, 145 Md.App. 635 (2002).   The instant complaint has been filed more than three years after the alleged breach of contract and is therefore untimely.
>
> To the extent Sewell asserts claims based on federal statutes prohibiting discriminatory practices, she has failed to allege facts sufficient to support that claim.  As explained to Sewell in correspondence from Defendant, a title insurance policy does not operate in the fashion she believes it does.  Rather, title insurance simply insures the purchaser of real property that there are no senior claims to the title at the time of purchase.  It is not an insurance policy guaranteeing that the title to the property will forever remain with the purchaser regardless of after-occurring legal claims asserted to collect debts secured by the property. The mere fact that Sewell is female and African-American does not transform the denial of her baseless claim into a discriminatory practice.

Mem. Op. 2–3.  Sewell again asserts that I have breached the Canon of Conduct for United States Judges, which requires "patience and competence of the law."  Pl.'s January 8, 2016, Mot. 1.  She claims the complaint is timely and relies upon the date of a letter from counsel as the operative date for the breach of contract action.  *Id*. at 2.  She further claims this Court is denying her a right to have her contract enforced and that I have committed a fraud by concealing the fraud of Defendant.  *Id*. 2, 5.

Sewell has not asserted a basis for relief under Fed. Rule of Civ. Proc. 60(b).  The pending motion simply reiterates her legal theories and does not disclose a mistake, inadvertence, or fraud requiring relief from judgment.  "To the extent that the post-judgment motion sought to have the district court reconsider its ruling with respect to the [issues addressed in the district court's original order], it [is] clearly improper, because Rule 60(b) does not

authorize a motion merely for reconsideration of a legal issue." *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982).  This Court's application of the law to the facts as asserted in the complaint does not suffice as a "fraud on the court."

I will endeavor to explain to Sewell again why her insurance claim was rejected by Fidelity and why I originally dismissed her case before me.  Sewell is bringing this claim against Fidelity based upon certain events that occurred subsequent to the policy date of her title insurance.  *See* Compl. 1–2; Chicago Title Letter 1–2.  Sewell has highlighted Covered Risks 1 to 7 in her insurance policy issued by Chicago Title, including item "7. Any of Covered Risks 1 through 6, occurring after the Policy Date."  Insurance Policy 1.  Although her insurance policy states that it covers "actual loss from any risk described under Covered Risks if the event creating the risk exists on the Policy Date or, to the extent expressly stated, after the Policy Date," the insurance policy also contains certain exceptions and exclusions.  *See* Insurance Policy 1–2; Chicago Title Letter 2–3.  Schedule B, which Sewell has not included in her complaint, includes "loss, costs, attorneys' fees, and expenses" related to the deed securing Sewell's mortgage.  *See* Chicago Title Letter 2–3.  In addition, Sewell's policy also contains the following exclusion:

> In addition to the Exceptions in Schedule B, You are not insured against loss, costs, attorneys' fees, and expenses resulting from:
>
> . . .
>
> 4.     Risks:
>
> . . .
>
>      d.     That first occur after the policy date--this does not limit the coverage described in covered risks 7, 8.d, 22, 23, 24 or 25.

*See* Insurance Policy 2; Chicago Title Letter 2–3.  As a result, although Sewell may interpret Covered Risk 7 of her insurance policy, *see* Insurance Policy 1, as providing insurance that

supports her claim, the exception in Schedule B and exclusion 4.d in her insurance policy indicate that Sewell's insurance does not provide the coverage that she thinks it does as was fully explained in Chicago Title's letter to the MIA. *See id.* at 2; Chicago Title Letter 2–3.

Simply put, the title insurance policy at issue does not cover Sewell for the acts that she claims form the basis for her lawsuit. Her lawsuit therefore lacks merit. Accordingly, Sewell's motion for reconsideration is denied.

## Motion for Default Judgment (ECF No. 11)

Like in PWG-15-3077, Plaintiff's motion also incorporates a motion for default judgment. *See* Pl.'s January 8, 2016, Mot. Sewell provides no justification for her motion for default judgment except to say she is entitled to it under 28 U.S.C. § 2201. Pl.'s January 8, 2016, Mot. 5. Sewell has failed to demonstrate why she should be granted default judgment, notwithstanding the fact that her case has already been dismissed. As I explained earlier, the Court has discretion to enter a default judgment under Fed. R. Civ. P. 55(b)(2) when the "adversary process has been halted because of an essentially unresponsive party." *Lawbaugh*, 359 F. Supp. 2d at 421. Here, I already dismissed Sewell's case on November 19, 2015, and in any event, Defendant Fidelity has been responsive, even if its filings have been late. *See* ECF Nos. 7 (Opposition to Motion for Relief from Judgment) & 12 (Opposition to Motion for Reconsideration). Accordingly, Sewell's motion for default judgment is denied.

## Motion for a ruling and motion to strike (ECF No. 13)

On February 8, 2016, Sewell filed another motion seeking a ruling on her January 8, 2016, motion for reconsideration and asking me to strike Fidelity's opposition, ECF No. 12. *See* Pl.'s Mot. for Ruling, ECF No. 13. Sewell repeats many of her arguments made in her prior motions. *Id.* at 1. She also alleges for the first time that Fidelity is running a Ponzi scheme. *See*

*id.* at 4.  Because I have now ruled on Sewell's January 8, 2016, motion, I will deny her motion

for a ruling as moot.  Fidelity filed its opposition on January 26, 2016, eighteen days after Sewell

filed her January 8, 2016, motion for reconsideration.  Fidelity's opposition was due seventeen

days after Sewell filed her motion.  *See* Loc. R. 105.2(a); Fed. R. Civ. P. 6(d) & 5(b)(2)(C).

Because Fidelity's opposition was filed only a day late, I will deny her motion to strike.

### III.   CONCLUSION

Having now addressed Sewell's arguments multiple times (originally and as part of her

two motions for reconsideration), she is advised that should she be dissatisfied with the ruling of

this Court, she should exercise her right to file an appeal with the Fourth Circuit Court of

Appeals.

### ORDER

Accordingly, it is, this 24th day of <u>February</u>, <u>2016</u>, hereby ORDERED that

1. Plaintiff's Motion for Reconsideration and for Default Judgment incorporated therein
   in PWG-15-3077, ECF No. 12, IS DENIED;

2. Plaintiff's motion for a ruling and motion to strike in PWG-15-3077, ECF No. 14, IS
   DENIED;

3. Plaintiff's Motion for Reconsideration and for Default Judgment incorporated therein
   in PWG-15-3392, ECF No. 11, IS DENIED; and

4. Plaintiff's motion for a ruling and motion to strike in PWG-15-3392, ECF No. 13, IS
   DENIED.

_____/S/_____
Paul W. Grimm
United States District Judge
